UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| TOTAL CONTAINMENT, INC. | : | |
| Debtor | : | Bankruptcy No. 04-13144bf |
| CANAM GROUP, INC. | : | |
| Plaintiff | : | |
| v. | : | |
| TCI ENVIRONMENT NV/SA | : | Adversary No. 06-0647 |
| Defendant | : | |

................................................

ORDER

................................................

AND NOW, this 16th day of October 2007, Canam Steel Corporation having filed a Motion for Protective Order under Fed. R. Bankr. P. 7026,

And on May 31, 2005 Canam Steel Corp. filed a complaint against TCI Environment NV/SA (renamed Delaware Valley Enterprises NV, but still referred to by the parties as TCIE) in the Circuit Court for Frederick County, Maryland (10-C-05-001215). The matter was removed to the Federal District Court for the District of Maryland on June 3, 2005 (1:05-cv-01786). On November 7, 2006, the matter was transferred to the District Court for the Eastern District of Pennsylvania (2:06-cv-0496). On December 15, 2006, the proceeding was referred to this bankruptcy court as related to the chapter 11 case of Total Containment, Inc., the latter being the primary shareholder of TCIE,

And Canam Steel alleged in its complaint that TCIE owed it by way of contribution or reimbursement for amounts it paid on TCIE's behalf to the Bank of America pursuant to a guaranty agreement. TCIE disputes its liability, asserting that it received no consideration for any funds loaned by Bank of America,

And, by order dated May 31, 2007, Canam Group, Inc. was substituted for Canam Steel Corp. as plaintiff, based upon an assignment of this claim. The substituted plaintiff then filed an amended complaint, to which TCIE filed an answer asserting in a general fashion fifteen affirmative defenses,

And TCIE served a Notice of Deposition on Canam Steel on June 21, 2007, pursuant to Federal Rule of Civil Procedure 30(b)(6), requesting that the former plaintiff produce corporate designees for deposition regarding enumerated areas of inquiry,

And the former plaintiff objects to certain areas of inquiry as, variably: unrelated to the issues in the case, not within the proper scope of discovery, overly broad, matters of public record, calling for speculation or legal conclusions, regarding facts internal to TCIE, or not reasonably calculated to lead to the discovery of admissible evidence. It also claims that TCIE's inquiries concerning another adversary proceeding related to this bankruptcy case, Miller v. Dutil, et at., Adv. Proc. 05-0145, is an attempt to obtain discovery in that case after the discovery period in that case has closed,[1]

And although TCIE was able to depose previously at least two persons produced by Canam Steel—namely, Ronald W. Peppe II (7/30/07), produced to respond to all non-objectionable areas of inquiry excepting ##15 and 16; and Mary K. Gordon

---

[1] Although Canam Steel is no longer a party in this proceeding, it is a defendant in Adv. No. 05-0145, and thus has reason to be concerned if discovery being sought in this instant deposition is intended for use in the other adversary proceeding.

(7/31/07), produced to respond to ##15 and 16[2]; see exhibits C and D to Canam Steel Corp's Reply to Opposition to Motion for Protective Order—TCIE asserts that these persons were not knowledgeable in all areas for which discovery was sought. See TCIE's Opposition to Canam Steel's Motion for Protective Order, ¶¶ 10-11, and n. 2 to ¶ 11,

And Mr. Peppe, who was General Counsel of Canam Steel, had very little knowledge of the issues in this proceeding,[3]

And while Ms. Gordon, who was vice president and corporate controller of Canam Steel, had more familiarity with the facts alleged in this proceeding, she yet did not know who were the other co-borrowers in the Bank of America loan transaction involving TCIE, see Canam Steel Corp.'s Reply of Opposition to Motion for Protective Order, Exhibit D, p. 57; did not remember how it was determined that TCIE had defaulted on the loan, id., p. 58; and did not remember the source of certain details in her affidavit

---

[2] Ultimately, Canam Steel did not include areas of inquiry ##15 and 16, regarding Canam Steel's payment of the $4 million-plus to Bank of America and its factual basis for alleging that TCIE was obligated to repay this amount to Canam Steel, in its Motion for Protective Order.

[3] Mr. Peppe stated that he did not prepare the complaint in this case and did not study it, see Canam Steel's Reply to Opposition to Motion for Protective Order, Exhibit C, pp. 29-31; did not know whether he saw the 12/14/1999 loan agreement, id., pp. 29-30; was not familiar with the guaranty agreement, id., p. 30; did not know who the secretary of TCIE was in 12/1999 or 6/2001, id., pp. 34, 37; did not know who Jeffrey Boehmer was, id., p. 35; did not know why Bank of America required the guaranty, id., p. 39, 40; did not know where TCIE's assets were for purposes of the security agreement, id., pp. 57-58; had no knowledge of TCIE or co-borrowers defaulting on the note, id., p. 59; did not know who the vice president of finance of Canam Steel was on 12/29/2003, id., p. 61; had no knowledge of the lawsuit or the confessed judgment in Maryland court, id., pp. 62, 71-74; did not know if the first promissory note listed TCIE as a borrower, id., p. 67; did not remember if he worked on the 10/18/2001 revolving note, id., p. 68; did not prepare any of the loan documents attached to the amended complaint, id., p. 69; did not know what happened after receiving Bank of America's 1/9/2004 letter regarding default, id., pp. 69-71; was not involved with the settlement between TCI and Bank of America, id., pp. 76-78; and had no knowledge regarding the corporate relationship between TCI and TCIE, id., pp. 76-77.

3

submitted in support of the former plaintiff's motion for summary judgment in the case in Maryland District Court. Id., pp. 48-49, 55, 56-58,[4]

And after a hearing held on the instant discovery motion on August 29, 2007,

And Federal Rule of Bankruptcy Procedure 7030 incorporates Federal Civil Rule of Procedure 30 into adversary proceedings. Rule 30(b)(6) allows for a party to name a corporation as a deponent, and to describe the matters on which the examination is requested. The corporate deponent named then is obligated to "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf . . . . The persons so designated shall testify as to matters known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6),

And "[a] designee is not simply testifying about matters within his or her personal knowledge, but rather is speaking for the corporation about matters to which the corporation has reasonable access." In re Linerboard Antitrust Litigation, 237 F.R.D. 373, 382 (E.D. Pa. 2006) (internal quotations omitted). Therefore the corporation should either designate a witness or witnesses that have knowledge of all of the matters noticed for deposition, or prepare a witness with such information. See Triple Crown America, Inc. v. Biosynth AG, 1999 WL 492661, at *1 (E.D. Pa. July 12, 1999),

And an entity seeking to avoid complying with Rule 30(b)(6) bears the burden to prove that the information sought is not known or reasonably knowable to the deponent. A "claimed lack of knowledge is generally not sufficient for a protective order as the other side may test this claim by deposing the witness." Kanaji v. Philadelphia

---

[4]That motion was denied to permit defendant further discovery under Rule 56(f).

Child Guidance Center of Children's Hospital, 2001 WL 708898, at *2 (E.D. Pa. June 20, 2001),

And in noticing any deposition in federal litigation, a party may only obtain "relevant discovery," as described by Federal Civil Rule 26 (incorporated into bankruptcy proceedings by Fed. R. Bankr. P. 7026) as follows:

> (b) Discovery Scope and Limits. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
>
> (1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

Fed. R. Civ. P. 26(b),

And courts have construed liberally the language "reasonably calculated to lead to the discovery of admissible evidence." Momah v. Albert Einstein Medical Center, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)),

And, however, the Third Circuit Court of Appeals has explained that "discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action." Zuk v. Eastern Pennsylvania Psychiatric Inst. of the Medical College of Pennsylvania, 103 F.3d 294, 299 (3d Cir. 1996),

5

And Federal Rule of Civil Procedure 26(c) provides that an entity from whom discovery is sought may seek a court order denying such discovery in certain limited circumstances:

> (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had;
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;
> (5) that discovery be conducted with no one present except persons designated by the court;
> (6) that a deposition, after being sealed, be opened only by order of the court;
> (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and
> (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.
>
> If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

Fed. R. Civ. P. 26(c).

And therefore an entity seeking a protective order has the burden to demonstrate that one or more of the provisions of Rule 26(c) are applicable. See Arif v. Immigration and Naturalization Service, 1992 WL 380932 (S.D.N.Y. Dec. 8, 1992); Videon Chevrolet, Inc. v. General Motors Corp., 1992 WL 160459, at *2 (E.D. Pa. June 26, 1992). It must "show specifically how, despite the broad construction of the discovery rules, each [request] is not relevant, overly broad, or burdensome." Videon Chevrolet, Inc. v. General Motors Corp., at *2. "Mere conclusory statements . . . are insufficient." Arif v. Immigration and Naturalization Service, at *1,

And a court issuing a protective order need not prohibit disclosure of information, but may condition discovery to prevent injury, harassment, or abuse of the court's processes. Security Ins. Co. of Hartford v. Trustmark Ins. Co., 218 F.R.D. 24, 26 (D. Conn. 2003); see Long v. Marubeni America Corp., 2007 WL 541621, at *2 (S.D.N.Y. Fed. 16, 2007) (narrowing request for credit card statements disclosing internet purchases of any kind to those disclosing internet purchases of computers and computer-related equipment); see also M&M Medical Supplies and Service, Inc. v. Pleasant Valley Hospital Inc., 981 F.2d 160, 169 (4th Cir. 1993) (barring party from contacting former patients after complaint that the patients felt harassed). This has included barring discovery material from being used in any other litigation proceeding. See, e.g., Sperry Rand Corp. v. Rothlein, 288 F.2d 245 (2d Cir. 1961) (prohibiting employer from using in another proceeding any information divulged in discovery proceedings); Wolters Kluwer Fin'l Services, Inc. v. Scivantage, 2007 WL 1498114, at *7 (S.D.N.Y. May 23, 2007); On Command Video Corp. v. Lodgenet Entertainment Corp., 976 F. Supp. 917 (N.D. Cal. 1997) (plaintiff prohibited from using confidential materials obtained under protective

7

order to initiate separate state proceeding); Brittain v. Stroh Brewery Co., 136 F.R.D. 408 (M.D.N.C. 1991) (limiting the parties who could see certain produced documents),

Accordingly, upon review of the areas of inquiry sought to be covered as part of the former plaintiff's deposition, and upon consideration of the arguments of counsel, and certain areas of inquiry are not opposed by the plaintiff, and areas 6-10, 12, 18-19, 21-22, 24-25, and 27 remain in contention, it is hereby ordered that Canam Steel's motion for a protective order is granted in part and denied in part, for the following reasons:

- Area of Inquiry #6 (Canam Steel's defense of and counterclaims in the related adversary proceeding, Miller v. Dutil, 05-0145bif): Mr. Miller made a series of allegations under the heading "Canam defendants," (Canam Manac Group and Canam Steel) that they "orchestrate[d], direct[ed] and controll[ed] the fraudulent transfer of TCI's property and the deepening of TCI's insolvency as part of a scheme to eliminate or reduce these defendants' guaranty obligations to Bank of America . . . ." 05-0145 Amended Complaint, p.5. No specific allegations involve TCIE.[5]

    The counterclaims in that other adversary proceeding involve allegations of a breach of fiduciary duty of plaintiff George Miller as trustee and individually; thus discovery involving those counterclaims would be irrelevant in this proceeding.

    To the extent that TCIE seeks to prove that Canam Steel took steps to reduce its guaranty obligations to Bank of America, such information could be relevant to the instant adversary proceeding. However, as there are no specific allegations or defenses raised in the trustee's proceeding, the above area of inquiry is too broad and would be burdensome to prepare one or more witnesses to address. Other areas of inquiry, such as ##10, 12, and 15 are sufficient to address the narrow, relevant topic. Therefore, Canam Steel's motion for protective order as to this area of inquiry, as framed, is granted.

---

[5]TCIE's theory that if the plaintiff had unclean hands in connection with the transactions alleged in the Miller v. Dutil adversary proceeding then it also had unclean hands in connection with the facts alleged in this proceeding, see TCIE Opposition to Canam Steel's Motion for Protective Order, p. 8, ¶ 18, is too remote—condoning a fishing expedition—to permit discovery.

8

- Area of Inquiry #7 (pleadings filed by Canam Steel in TCI's main bankruptcy case): TCIE states that it requests a designee to "stand ready to discuss certain aspects of [the main bankruptcy case] as they relate to this lawsuit." Canam Steel's Motion for Protective Order, ex. C, p. 2. It is not clear how any aspects of the main bankruptcy case, involving a company liquidating under an approved chapter 11 plan, could yield evidence admissible in this proceeding. Moreover, the broad nature of this request makes it burdensome to the former plaintiff to comply. Therefore, Canam Steel's motion for protective order as to this area of inquiry is granted.

- Area of Inquiry #8 (relevance of Bank of America, N.A. v. TCI Environment NC [sic]/SA, in the Circuit Court for Baltimore City to any claims or rights of TCIE or to the adversary proceeding or to the allegations in the complaint or amended complaint): As worded, this request appears to seek legal conclusions regarding the effect of Bank of America's confessed judgment against TCIE, subsequently vacated with prejudice. TCIE explains however, see Opposition, p. 11, ¶ 24, that it wants to know "if Canam Steel is relying on . . . any facts obtained from the Bank of America case." As the Bank of America case likely relied on some of the same documents produced in this case, the discovery request, so constrained, is relevant and may lead to the discovery of admissible evidence. The state court case ended in a confessed judgment, later vacated; therefore the request also is not burdensome for Canam Steel to familiarize a designee with the relevant facts. Therefore the former plaintiff's motion for protective order as to this area of inquiry, as limited to any facts obtained from the Bank of America case, but without requesting any legal conclusions therefrom, is denied.

- Area of Inquiry #9 (facts relating to the December 13, 1999 corporate resolution identified in paragraph 6 of the amended complaint): Canam Steel complains that this request attempts to have Canam Steel produce "a witness to testify regarding facts internal to TCIE." Canam Steel's Motion for Protective Order, ¶ 6. However, Canam Group relied on this document to support its allegations, quoting the resolution in paragraph 6 of its amended complaint. In addition, since TCIE argues that the resolution was not validly entered into, and implicitly alleges, through its references to the Miller v. Dutil proceeding, that Canam Steel may have controlled some of the persons who signed the document (for example, one of the signators, Pierre Desjardins, is alleged (by George Miller in Adv. Proc. 05-0145, ¶ 15) to be chairman of TCI's board of directors and a consultant to and representative of the Canam Manac Group), inquiry regarding this document is relevant to this proceeding.

    Canam Steel also argues that TCIE already had an opportunity to question a Canam Steel designee on this subject, citing to pages 34-36 of the Peppe deposition. However, Mr. Peppe's answers to TCIE's questions stated that he did not know who the secretary of TCIE was, and he did not know who Mr. Jeff Boehmer was. Mr. Peppe agreed only that the document was dated December 13, 1999. Thus Canam Steel's earlier designee was not someone knowledgeable and able to testify about this document. Accordingly, Canam Steel's motion for

9

protective order as to this area of inquiry is denied, but is limited to a factual inquiry and should not seek legal conclusions from the deponent.

- Area of Inquiry #10 (all consideration Canam Steel believes TCIE received as a result of the loan agreement): In paragraph 8 of the Amended Complaint, Canam Group alleges that "TCIE, [RMI and ACI], all subsidiaries of TCI, for various considerations received were added as co-borrowers under the Line of Credit . . . ." TCIE however asserts that it did not know about its involvement in this BOA loan agreement until years later and never received any of its proceeds. Therefore this area of inquiry is relevant to inquire of the former plaintiff what funds or other consideration, if any, it knows that TCIE received as support for its participation in the loan. Therefore, Canam Steel's motion for a protective order as to this factual area of inquiry is denied.

- Area of Inquiry #12 (Canam Steel's relationship with Bank of America, "including but not limited to," all documents related to those identified in paragraph 15 of the amended complaint): The documents referenced are loan modification agreements dated May 4, 2004, September 2, 2004 and January 31, 2005, between Bank of America, Canam Steel Corporation and The Canam Manac Group/Canam Group, Inc. As stated, this request is overly broad and thus burdensome. Therefore, the former plaintiff's motion for a protective order as to this area of inquiry is granted in part and denied in part. The former plaintiff shall produce a designee to testify regarding Canam Steel's relationship with Bank of America, if any, limited however to these three loan modification documents.

- Area of Inquiry #18 (Canam Steel's involvement in the PolyFlow transaction): TCIE claims that it is entitled to discovery on this topic because it concerns its equitable defenses, but does not specify which defenses or how they relate. This area of inquiry then is too remote from the claims and defenses alleged in the amended complaint and answer. Therefore, the former plaintiff's motion for a protective order as to this area of inquiry is granted.

- Area of Inquiry #19 (TCIE's corporate form, its articles and by-laws, the publication in the *Belgian Official Gazette* of the appointment of any directors of TCIE, and the conduct of TCIE's board meetings from 1999 to March 4, 2004): Canam Steel avers that it does not have any knowledge regarding this area of inquiry. However, this averment by itself does not preclude a party from inquiring about a certain subject. This area of inquiry is relevant to determine how TCIE authorized the BOA loan. Therefore, Canam Steel's motion for a protective order as to this area of inquiry is denied.

- Area of Inquiry #21 (The "Certificate of Corporate Resolution," dated June 20, 2001): Canam Steel avers that it does not have any knowledge regarding this area of inquiry. However, just as above, a professed lack of knowledge does not preclude a party from inquiring about a certain subject. This area of inquiry is relevant for the same reason as Area of Inquiry #19. Therefore, Canam Steel's motion for a protective order as to

this area of inquiry is denied.  Inquiry though is limited to the discovery of facts that may be admissible at trial and not inadmissible legal conclusions.

- Area of Inquiry #22 (Canam Steel's relationship with Bank of America):  This request is duplicative of Area of Inquiry #12, except without the specification of the three loan modification agreements.  Therefore, Canam Steel's motion for protective order as to this area of inquiry is granted.

- Area of Inquiry #24 (TCI's ownership of stock in and relationship with TCIE):  TCIE states that this request concerns its equitable defenses, however it does not explain exactly which equitable defense(s) or how they apply.  It was acknowledged at the hearing by TCIE counsel that TCI owned approximately 99% of TCIE stock.  Therefore, Canam Steel's motion for protective order as to this area of inquiry is granted.

- Area of Inquiry #25 (Canam Steel's ownership of preferred shares of TCI and the sale of those shares to Finloc US Inc.):  To the extent that Canam Steel exerted control over TCI, which was the majority shareholder of TCIE, this area of inquiry is relevant, as it may lead to facts regarding TCIE's involvement in the BOA loan.  Canam Steel does not aver that it did not own any shares of TCI.  Bernard Gouin, alleged to be a director of TCI and also Vice President of Finance and Treasurer of Canam Steel (by George Miller in Adv. Proc. 05-0145, ¶ 14), signed the guaranty agreement on Canam Steel's behalf.  Therefore, Canam Steel's motion for a protective order as to this area of inquiry is granted in part and denied in part: Canam Steel shall produce a designee with knowledge of its shareholder status vis-a-vis TCI only, and whether Canam Steel exerted control over TCIE concerning the BOA loan.

- Area of Inquiry #27 (TCIE's financial condition from 1999 to 2005):  This area of inquiry is relevant to determine whether Canam Steel had information regarding TCIE's ability to repay Bank of America.  Thus, the motion for a protective order is denied.

It is further ordered that any information gained through this discovery request to Canam Steel shall be limited for use in this adversary proceeding and cannot not be used in <u>Miller v. Dutil, et al.</u>, Adv. Proc. 05-0145, or shared with counsel for the plaintiff in that proceeding.

_____
BRUCE FOX
United States Bankruptcy Judge

11

copies to:

Mark J. Friedman, Esquire
Jeffrey D. Herschman, Esquire
Susan S. Maher, Esquire
Anthony P. Ashton, Esquire
DLA Piper US LLP
6225 Smith Ave.
Baltimore, MD 21209

Phillip E. Wilson, Jr., Esq.
DLA Piper US LLP
One Logan Square
1650 Market Street, Suite 4900
Philadelphia, PA 19103

Craig Martin, Esquire
Denise Seastone Kraft, Esquire
Angell Palmer & Dodge LLP
919 North Market Street, Suite 1500
Wilmington, DE 19801