UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| TOTAL CONTAINMENT, INC. | : | |
| Debtor | : | Bankruptcy No. 04-13144bf |

| | | |
|---|---|---|
| CANAM GROUP, INC. | : | |
| Plaintiff | : | |
| v. | : | |
| TCI ENVIRONMENT NV/SA | : | Adversary No. 06-0647 |
| Defendant | : | |

............................................

MEMORANDUM

............................................

The defendant, TCI Environment NV/SA (a/k/a Delaware Valley Enterprises NV) ("TCIE"), has moved to consolidate pursuant to Fed. R. Bankr. P. 7042 trial in the above-captioned adversary proceeding with the trial in Adv. No. 05-0145. This consolidation motion is opposed by the plaintiff, Canam Group, Inc.

I.

The instant adversary proceeding concerns two alternative claims arising from the payment by Canam Steel, plaintiff's assignor, upon a guarantee of a December 1999 promissory note, modified numerous times and last modified in September 2003, made payable to Bank of America, which note was purportedly signed by TCIE and TCI

(as well as other entities). Canam Steel allegedly repaid Bank of America the outstanding balance on the promissory note in March 2005, and Canam Group now seeks repayment from TCIE based upon theories of reimbursement, contribution or unjust enrichment.

The second adversary proceeding was brought by the former chapter 11 trustee against numerous defendants, including Canam Steel and Canam Group, and in part asserts claims of breach of fiduciary duty and fraudulent conveyances surrounding the transfer of assets in July 2002 from the debtor, TCI, to an entity known as PolyFlow, Inc. The trustee, George L. Miller, alleges that various defendants, including Canam Group and Canam Steel, acted in concert to divest TCI of a valuable pipe production business for inadequate consideration, and immediately arranged the transfer of that consideration to affiliates of Canam Group and Canam Steel.

In support of trial consolidation, TCIE (which denies any liability on the promissory note) contends that TCI was the primary obligor on the note held by Bank of America, and had the debtor used the PolyFlow consideration to repay its obligation on that note, rather than transfer those funds to Canam affiliates, then TCIE's secondary obligation would have been fully or partially satisfied. TCIE posits that if it can prove that Canam Group or Canam Steel acted improperly in transferring TCI's assets, it would have an equitable defense of unclean hands to defeat plaintiff's claims against it. TCIE further contends that the trustee in his trial will attempt to prove the same misconduct involving the same parties. Therefore, TCIE maintains that consolidation is warranted.

Canam Group counters that its two claims, based upon Maryland law involving the common law rights of guarantors as well as the Maryland Uniform Commercial Code Article 3, do not implicate, either factually or legally, the Pennsylvania

common law and statutory claims raised by the chapter 11 trustee in the other adversary proceeding. Moreover, the plaintiff maintains, the trustee's claims are much more complex, involve many more parties (none of which include TCIE), deal with issues beyond the PolyFlow transaction, and will require a much longer trial.

Thus, the plaintiff contends that there is no overlap between this adversary proceeding, concerning the rights of a guarantor of an amended 1999 note against a co-borrower, and the trustee's adversary proceeding, challenging the propriety of a 2002 transfer of TCI's assets, that justifies trial consolidation. It also argues that this proceeding involving TCIE can be quickly tried, while the trustee's proceeding will involve a much more extensive trial schedule.

II.

Fed. R. Bankr. P. 7042 incorporates Fed. R. Civ. P. 42. Rule 42(a) provides:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Thus, this procedural rule permits the consolidation for trial of separate adversary proceedings that involve common questions of law or fact. See, e.g., In re Washington Mfg. Co., 118 B.R. 555, 564 (Bankr. M.D. Tenn. 1990); Matter of Silver

3

Mill Frozen Foods, Inc., 23 B.R. 179, (Bankr. W.D. Mich. 1982). The effect of an order of consolidation is purely procedural. Consolidation does not substantively merge the two lawsuits into one lawsuit. See Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933); see generally Bergman v. City of Atlantic City, 860 F.2d 560, 565 (3rd Cir. 1988).

The purpose of consolidation is "to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." Cima Labs, Inc. v. Actavis Group HF, 2007 WL 1672229, at *6 (D.N.J. 2007) (quoting In re TMI Litigation, 193 F.3d 613, 724 (3d Cir. 1999)). Generally, consolidation is used as a matter of procedural convenience and judicial economy. Cella v. Togum Constructeur Ensemleier En Industrie Alimentaire, 173 F.3d 909, 912 (3d Cir. 1999); see also Johnson v. Manhattan R. Co., 289 U.S. 479, 497 (1933). As such, whether to consolidate litigation under Rule 7042 is vested in the discretion of the trial court. See, e.g., In re Corey, 892 F.2d 829, 836 (9th Cir. 1989).

The moving party bears the burden of proving common issues of fact or law that would justify consolidation. See Cima Labs, Inc. v. Actavis Group HF, 2007 WL 1672229, at *6 (D.N.J. 2007). Absent such common issues, consolidation is inappropriate. See, e.g., Enterprise Bank v. Saettele, 21 F.3d 233, 235-36 (8th Cir. 1994). If common issues exist, the trial court should then consider questions of convenience and economy, as well as fairness and impartiality. Consolidation should not be granted when it would adversely affect the rights of a party, or hinder the efficient administration of the proceedings. See generally Primavera Familienstiftung v. Askin, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Conversely, consolidation may be appropriate

4

when it will promote economy and convenience for the parties and the court. See In re Appliance Store, Inc., 171 B.R. 525, 528 (Bankr. W.D. Pa. 1994).

In other words, when two adversary proceedings contain common issues of fact or law, whether to grant a consolidation request under Rule 42(a) will require the trial court to weigh "the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." Ortho-McNeil Pharmaceutical, Inc. v. Kali Laboratories, Inc., 2007 WL 1814080 (D.N.J. 2007) (citing Paxonet Communs., Inc. v. Transwitch Corp., 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003)); Kerley v. Great Lakes Dredge & Dock Co., 1996 U.S. Dist. LEXIS 1963, at *3 (E.D. Pa. Feb. 22, 1996); Bernardi v. Scranton, 101 F.R.D. 411, 413 (M.D. Pa. 1983). The most important factor in balancing these competing interests is whether the resulting trial or hearing will be fair and impartial. See Cima Labs, Inc. v. Actavis Group HF, 2007 WL 1672229, at *5 (D.N.J. 2007). The court must determine:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

In addition, a court may deny a request to consolidate even if common issues are involved, when those issues are not significant, or when the evidence in one proceeding is not directly relevant to the issues in the other proceeding, or when one proceeding is further along in the discovery process than the other case. See Farahmand

v. Rumsfeld, 2002 WL 31630709, at *2 (E.D. Pa. 2002); see also Borough of Olyphant v. PPL Corp., 153 Fed. Appx. 80, 82 (3d Cir. 2005).

### III.

At the outset, TCIE argues that Canam Group is judicially estopped from opposing trial consolidation because the initial pretrial scheduling order jointly proposed by the parties suggested a consolidated trial. See Docket Entry #17, at ¶ 7. Although no consolidation order was entered, TCIE then asserts that it relied upon this joint request in "shaping its discovery strategy." Defendant's Memorandum, at 1 n.2.

> Three requirements must be met before a district court may properly apply judicial estoppel. First, the party to be estopped must have taken two positions that are irreconcilably inconsistent. . . . Second, judicial estoppel is unwarranted unless the party changed his or her position "in bad faith-i.e., with intent to play fast and loose with the court." . . . Finally, a district court may not employ judicial estoppel unless it is "tailored to address the harm identified" and no lesser sanction would adequately remedy the damage done by the litigant's misconduct. . . .

Montrose Medical Group Participating Savings Plan v. Bulger, 243 F.3d 773, 779-80 (3d Cir. 2001).

The defendant does not cite any reported decision in which trial consolidation was ordered over the opposition of a party on the basis of judicial estoppel. Moreover, in this instance, it appears more likely that plaintiff's change in position stems more from the reshaping of the factual and legal issues based upon pretrial discovery and the summary judgment rulings in this adversary proceeding and in the trustee's proceeding, rather than from bad faith. Furthermore, from the extensive documents

6

submitted by TCIE in the parties' cross-motions for summary judgment, it does not appear that the defendant shied away from undertaking discovery in favor of the trustee's efforts.[1]

Thus, I decline to order Rule 42 consolidation based upon judicial estoppel.

TCIE next maintains that if it can demonstrate that Canam Group, or its assignor, Canam Steel, had "unclean hands" then such conduct would be an affirmative defense to one or both counts of the amended complaint. And as the trustee also intends to demonstrate such inequitable conduct as concerns the PolyFlow transaction, TCIE asserts there is a factual and legal overlap between these two proceedings that warrants a consolidated trial.

Recently, in the context of summary judgment motions, I had occasion to examine the legal issues as well as the evidence that the parties intend to proffer at trial in each of the adversary proceedings. Both of Canam Group's claims in this adversary proceeding are based upon Maryland law. I agree with TCIE's assertion that, in general, under Maryland law, the doctrine of unclean hands can preclude a plaintiff's recovery under theories of unjust enrichment, reimbursement or contribution. See generally Adams v. Manown, 328 Md. 463 (1992); Mona v. Mona Electric Group, Inc., 176 Md. App. 672 (2007). This common law affirmative defense, which may be raised against claims either at law or in equity, see Mona v. Mona Electric Group, Inc., 176 Md. App. at 713, is not precluded by the Uniform Commercial Code, see Maryland Code, Commercial Law, § 3-116(b); Hartford Fire Ins. Co. v. Maryland Nat. Bank, N.A.,

---

[1] TCIE does not specify in its consolidation motion or legal memorandum any discovery not undertaken because it anticipated a consolidated trial.

7

341 Md. 408, 413 (1996), and is applied by Maryland courts in the following manner:

> The equitable doctrine of unclean hands is "designed to 'prevent the court from assisting in fraud or other inequitable conduct....'" Gordon v. Posner, 142 Md. App. 399, 433, 790 A.2d 675 (quoting Adams v. Manown, 328 Md. 463, 482, 615 A.2d 611 (1992)), cert. denied, 369 Md. 180, 798 A.2d 552 (2002). It is available to deny relief to those guilty of unlawful or inequitable conduct with respect to the matter for which relief is sought. Hicks v. Gilbert, 135 Md. App. 394, 400, 762 A.2d 986 (2000). It is "not applied for the protection of the parties nor as a punishment to the wrongdoer." Adams v. Manown, 328 Md. at 474-75, 615 A.2d 611. Instead, "it protects the integrity of the court and the judicial process by denying relief to those persons 'whose very presence before a court is the result of some fraud or inequity.'" Hicks, 135 Md. App. at 400, 762 A.2d 986 (citation omitted).

Turner v. Turner, 147 Md. App. 350, 419 (2002). Moreover:

> For the clean hands doctrine to apply, "there must be a nexus between the misconduct and the transaction [at issue], because '"what is material is not that the plaintiff's hands are dirty, but that (she) dirties them in acquiring the right (she) now asserts."' Turner, supra, 147 Md. App. at 420, 809 A.2d 18 (quoting Hicks, supra, 135 Md. App. at 400-01, 762 A.2d 986). In other words, "[t]he plaintiff's misconduct must be directly related to the subject of the suit." Smith, supra, 124 F.R.D. at 106. See also Adams, supra, 328 Md. at 475, 615 A.2d 611 ("[A]n important element of the clean hands doctrine is that the alleged misconduct must be connected with the transaction upon which the claimant seeks relief."); and Dan B. Dobbs, Law of Remedies, § 2.4(2) at 95 (2d 1993) ("Courts are agreed that the plaintiff's improper conduct, whatever it is, must be related in some substantial and significant way to the claim he now asserts.").

Mona v. Mona Elec. Group, Inc., 176 Md. App. at 714-715; see also Northeast Women's Center, Inc. v. McMonagle, 868 F.2d 1342, 1354 (3d Cir. 1989) ("Thus, the doctrine is to be applied 'only where some unconscionable act of one coming for relief has immediate

8

Case 06-00647-bif    Doc 128    Filed 03/25/08    Entered 03/26/08 14:12:39    Desc Main
Document    Page 9 of 13

and necessary relation to the equity that he seeks in respect of the matter in litigation.'") (quoting Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245-46 (1933)).

In Mona, the Maryland appellate court agreed that the defendant could properly assert unclean hands against the plaintiff's claim for unpaid corporate dividends, where the dividends were reduced by repayment of a corporate receivable that the plaintiff had previously represented to the IRS and to the corporation would be his personal responsibility. Conversely, in Adams, the Maryland Supreme Court held that the plaintiff's claim against defendant to recover for unpaid loans was not barred by unclean hands because that claim was not sufficiently related to plaintiff's alleged fraudulent concealment of marital property, i.e. a boat, from his ex-spouse.

In this adversary proceeding, I agree with Canam Group that any misconduct on its part concerning TCI's PolyFlow transaction is not directly related to its claims against TCIE based upon repayment of Bank of America's promissory note. Thus, defendant's assertion of an affirmative defense of unclean hands as to that transaction would be unavailing. See generally Rooney v. Slomowitz, 784 N.Y.S.2d 189 (N.Y. App. Div. 3d Dep't 2004) (plaintiff's concealment of ownership of second parcel sold in same transaction did not affect defendant's ability to construct access road on first parcel). TCIE's liability, if any, to Bank of America—and on a contingent, unliquidated basis to Canam Steel as guarantor—first arose in December 1999, long before the July 2002 PolyFlow transaction took place. Moreover, Canam Steel's claim against TCIE, if any, became fixed in March 2005, years after the PolyFlow transaction. See generally Norwich Sav. Society v. Hunter, 1996 WL 218711, at *4 (Conn. Super. 1996):

> Yet, to successfully assert the doctrine of unclean hands as an affirmative defense to foreclosure, the mortgagor must allege

> [that] inequitable conduct occurred during the actual
> transaction, meaning prior to the default by the mortgagor.
> Events occurring post-default and during the course of
> litigation cannot form the basis of an affirmative defense to
> foreclosure because they do not render the note itself invalid
> or unenforceable.
>
> Because the defendant's affirmative defense is predicated on
> events occurring post-default and challenges a subsequent act
> by the lienholder it fails as a matter of law.

In addition, TCIE's contention—that TCI should have taken the PolyFlow consideration to pay down its obligation to Bank of America in July 2002—overlooks certain facts that were revealed in the summary judgment motions: TCI's obligation to Bank of America at the time far exceeded the amount PolyFlow paid to TCI; Dayco Products held a $3.7 million judgment against TCI; the trustee contends that the PolyFlow transaction was undertaken to prevent execution by Dayco upon its judgment; TCI was not in default of its obligation to Bank of America in July 2002; Bank of America agreed to the PolyFlow transaction; and the trustee's claim of deepening insolvency implies that TCI should have retained the PolyFlow funds to operate its business rather than disburse that consideration to any creditors.

Therefore, even if there were a temporal connection between Canam's alleged misconduct and its claims against TCIE in this adversary proceeding, the issue of unclean hands is too speculative, see generally Welsh v. Case, 180 Ore. App. 370, 385-86 (2002), and the factual and legal theories of the two proceedings on this point are at odds; thus consolidation could yield confusion.

In addition, TCI owns 99% of TCIE's outstanding stock. Were the trustee to prevail on his claims against Canam Group and other defendants, he is doing so on behalf of TCI's creditors as a collective group. Should TCIE be held liable to Canam

10

Group, it may hold a claim against TCI, which claim may already be considered, at least indirectly, in the trustee's damage assertions. And finally, the much larger scope of the trustee's adversary proceeding suggests that consolidation may not be economical.

Accordingly, TCIE's request for consolidation of the trial of this adversary proceeding with the trustee's proceeding shall be denied due to: lack of a common legal or factual issue involving the affirmative defense of unclean hands; possible prejudice to the plaintiff; and lack of economy.

An appropriate order shall be issued.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| TOTAL CONTAINMENT, INC. | : | |
| Debtor | : | Bankruptcy No. 04-13144bf |

| | | |
|---|---|---|
| CANAM GROUP, INC. | : | |
| Plaintiff | : | |
| v. | : | |
| TCI ENVIRONMENT NV/SA | : | Adversary No. 06-0647 |
| Defendant | : | |

## ORDER

AND NOW, this 25th day of March 2008, for reasons stated in open court, it is hereby ordered that defendant's motion to consolidate trial in this adversary proceeding with trial in Adv. No. 05-0145 is denied.

It is further ordered that trial in this proceeding shall commence on May 22, 2008 at 9:30 a.m. in Bankruptcy Courtroom #2.

_____
BRUCE FOX
United States Bankruptcy Judge

copies to:

Phillip E. Wilson, Jr., Esq.
DLA Piper US LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103

Jeffrey D. Herschman, Esq.
DLA Piper Rudnic Gray Cary US, LLP
6225 Smith Ave
Baltimore, MD 21290

Craig Martin, Esq.
Edwards Angell Palmer & Dodge LLP
919 North Market Street
Wilmington, DE 19801

Ms. Barbara Townsend, Courtroom Deputy